# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie Sprafka, | Civil No. 21-1785 (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER CONSOLIDATING CASES** |
| DePuy Orthopaedics, Inc., *an Indiana Corporation*, Medical Device Business Services, Inc., *an Indiana Corporation*, | |
| Defendants. | |

_____

| | |
|---|---|
| Paul Quast, | Civil No. 22-331 (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER CONSOLIDATING CASES** |
| Medical Device Business Services, Inc., *an Indiana Corporation formerly known as* DePuy Orthopaedics, Inc., | |
| Defendant. | |

_____

Christopher Kent Wachtler, Esq., Wachtler Law Office; Stephen J. Baity, Esq., Baity & Lindvig, LLC, counsel for Plaintiff Julie Sprafka.

Dwight G. Rabuse, Esq., and Zachary Paul Armstrong, Esq., DeWitt LLP, counsel for Plaintiff Paul Quast.

Christopher L. Lynch, Esq., Erin Marie Pauley, Esq., and James Francis Murdica, Esq., Barnes & Thornburg LLP, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Plaintiffs Julie Sprafka and Paul Quast's motions to consolidate. (Civ. No. 21-1785 (DWF/DTS), Doc No. 33; Civ. No. 22-331 (DWF/DTS), Doc. No. 27.) For the reasons set forth below, the Court grants the motions.

## BACKGROUND

In 2013, Defendant[1] began selling its ATTUNE knee replacement system to consumers. (Civ. No. 21-1785 (DWF/DTS), Doc No. 1 ("Sprafka Compl.") ¶ 23; Civ. No. 22-331 (DWF/DTS), Doc. No. 1 ("Quast Compl.") ¶ 22.) Plaintiffs allege that Defendant became aware of safety issues related to the ATTUNE system and created a new system—ATTUNE S+ technology—to address these issues. (Sprafka Compl. ¶ 29-32; Quast Compl. ¶ 29-32.) Defendant continued to sell the original ATTUNE system between March 2016 and June 2017 while it awaited FDA approval for the ATTUNE S+ system. (Sprafka Compl. ¶ 42; Quast Compl. ¶ 41.) During that time, both Plaintiffs had knee replacements in which the original ATTUNE system was implanted. (Sprafka Compl. ¶ 81; Quast Compl. ¶ 85.) Plaintiff Sprafka received her implant in August 2016, and Plaintiff Quast received his in May 2017. (*Id.*) Defendant had a representative present during both surgeries. (Sprafka Compl. ¶ 89; Quast Compl. ¶ 91.)

Both Plaintiffs experienced pain after the knee replacement, and both underwent a revision surgery. (Sprafka Compl. ¶ 94-101; Quast Compl. ¶ 96-102.) During Plaintiffs'

---

[1] The Court refers to a singular "defendant," as DePuy Orthopaedics, Inc., is now known as Medical Device Business Services, Inc.

revision surgeries, the operating surgeons discovered that the ATTUNE system was not adequately attached to the tibia. (Sprafka Compl. ¶ 102; Quast Compl. ¶ 103.)

Plaintiffs assert the same four claims against Defendant related to the complications with their knee replacements: (1) strict liability; (2) negligence; (3) breach of implied warranties; (4) breach of express warranty.[2] Plaintiffs now move to consolidate these actions, and Defendant opposes the motion.

## DISCUSSION

The Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 St. Ct. 1118, 1131 (2018). In determining whether to consolidate actions, the Court considers:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (internal quotations and citations omitted).

Plaintiffs argue that the cases should be consolidated because each case involves common issues of law and fact. Both cases turn on whether (1) the ATTUNE system was defective, (2) the ATTUNE system caused the injuries suffered by Plaintiffs;

---

[2]  Plaintiff Quast brings additional claims of failure to warn Food and Drug Administration, failure to warn physicians and their patients, negligent misrepresentation, and fraud. (*See* Quast Compl. ¶ 148-171.)

(3) Defendant knew or should have known that the ATTUNE system posed significant risks; and (4) Defendant failed to warn Plaintiffs' doctors about the system's risks. Additionally, Plaintiffs assert that consolidation would benefit judicial economy because discovery relating to the ATTUNE system would be nearly identical in each case and much of the evidence and many of the witnesses at trial would overlap.

Defendant argues that consolidation would create confusion, as the jury may believe that causation is more likely because multiple plaintiffs were injured. Defendant further contends that the separate medical histories of each Plaintiff may create confusion. Moreover, consolidation would delay the proceedings, as Plaintiff Sprafka is further along in the discovery process.

The Court concludes that consolidation is appropriate because the cases involve common issues of law and fact. Both Plaintiffs were deemed candidates for knee replacement, and both received the same type of knee replacement designed and sold by Defendant. Both Plaintiffs allege that Defendant knew or should have known about the defects of the knee replacement system at the time of both surgeries. Finally, both Plaintiffs allege similar injuries, and both needed a second knee surgery as a result. As Plaintiffs note, the actions give rise to common issues of fact—namely, whether the ATTUNE system was defective, whether the deficiencies caused Plaintiffs' injuries, and whether Defendant knew or should have known about the system's deficiencies. Both Plaintiffs bring four of the same claims against Defendant. Much of the discovery in the cases will overlap, as will the evidence and many of the witnesses at trial. Moreover, all parties will benefit from the lessened litigation costs.

While Defendant argues that consolidation will create confusion because of Plaintiffs' separate medical histories, the Court finds that the risk of confusion is overborne by the benefits of consolidation. The Court will be able to minimize potential jury confusion during trial through appropriate jury instructions. *See Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74-75 (4th Cir. 2018) (finding consolidation appropriate where plaintiffs each alleged that they were harmed by the same medical device, and the district court limited potential confusion during trial by providing jury instructions and separate verdict forms for each plaintiff).

Lastly, Defendant argues that consolidation will result in delay, which will prejudice Defendant. The Court is not persuaded by this argument. While the Sprafka action is further along, consolidation will streamline the pre-trial process for both cases and save all parties time and money.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motions to consolidate.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Julie Sprafka and Paul Quast's motions to consolidate (Civ. No. 21-1785 (DWF/DTS), (Doc No. [33]); Civ. No. 22-331 (DWF/DTS), (Doc. No. [27])) are **GRANTED**.

2. The above actions, Civ. Nos. 21-1785 (DWF/DTS) and 22-331 (DWF/DTS), are consolidated for all purposes under Civ. No. 22-331, which shall serve as the lead case.

3. All future filings for these related proceedings shall be filed in the lead case and shall bear the caption: *Paul Quast & Julie Sprafka v. DePuy Orthopaedics, Inc.*

4. All future filings in the lead case shall be considered filed in the related case; filings should not be separately docketed in the related case.

5. Within seven days of the date of this Order, parties to Civ. No. 21-1785 are directed to re-file pending motions and responses in the lead case. All other filings in the related case need not be re-filed in the lead case.

6. The Clerk of Court is directed to add all parties and attorneys of record from the related case to the lead case. All *pro hac vice* admissions in the related case are valid for the lead case

7. The Clerk of Court is directed to administratively close Civ. No. 21-1785 (DWF/DTS).


Dated: December 5, 2022                s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge